# United States District Court
# Central District of California

| | |
|---|---|
| PINI USA, INC., and<br>PINI POLSKA SP. Z.O.O.,<br><br>Plaintiffs,<br>v.<br><br>NB GLOBAL COMMODITIES, LLC,<br><br>Defendant, | Case No. 2:17-cv-04763-ODW-PLA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [48]** |

## I.  INTRODUCTION

Plaintiffs, Pini USA, Inc. and Pini Polska SP. Z.o.o. (collectively, "Pini") move for entry of default judgment against Defendant NB Global Commodities, LLC ("NB Global") on Pini's claims for breach of contract and declaratory relief. For the reasons discussed below, the Court **DENIES** Pini's Motion without prejudice. (ECF No. 48.)[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

**A. Factual Background**

This action stems from an ongoing contractual relationship whereby Pini agreed to prepare and sell, and NB Global agreed to buy, various pork products. On June 28, 2017, Pini filed its Complaint alleging that NB Global breached a number of the parties' contracts, in the form of purchase orders and emailed requests, when NB Global failed to pay for certain goods that NB Global accepted or wrongfully rejected. (Compl., ECF No. 1.) Pini alleges that in the terms of each order, NB Global agreed "to pay twenty percent of the purchase price for each shipment upon notification that it had been shipped." (*Id.* ¶ 13.) NB Global also agreed to pay the remaining balance on each shipment within thirty days of delivery. (*Id.*)

**1. The November Order**

The parties entered into the first contracts in November 2016 (the "November Order"), whereby NB Global sent Pini fifteen purchase orders for pork products. (*Id.* ¶¶ 15–19.) Pini alleges that it accepted the November Order by "promising to ship and/or shipping the identified products in the identified amounts." (*Id.* ¶ 19.) Purchase orders 12134800, 803, 804, 805, 806, and 807 each contained a written order for a "full container" of "Albany Farms 4.5 oz smoked bacon" from Pini. (*Id.* ¶ 16.) Pini delivered the bacon, and Pini alleges that NB Global accepted them but then failed to pay Pini the full contract price. (*Id.* ¶ 21.) Purchase orders 12134808 and 12134809 contained written orders for "full containers" of pepperoni and salami. (*Id.* ¶ 24.) After Pini produced these orders and notified NB Global that it was doing so, NB Global allegedly rejected the orders before they were shipped. (*Id.* ¶¶ 25–26.) Pini was unable to resell the pepperoni and salami because they were "specially-prepared." (*Id.* ¶ 27.) Additionally, in preparation for and reliance on the November Order, Pini alleges it purchased "made-to-order packaging" for orders 12134808 through 12134814. (*Id.* ¶ 29.)

### 2. The December Order

In the second group of orders (the "December Order"), NB Global issued, and Pini accepted, twenty purchase orders in December 2016. (Compl. ¶¶ 33–35.) Purchase orders 12134701 through 12134720 each requested "full containers" of "Albany Farms 4.5 oz smoked bacon." (*Id.* ¶ 33.) Pini delivered order 12134702, and NB Global allegedly accepted the bacon but failed to pay the full contract price. (*Id.* ¶ 37.) After Pini notified NB Global that six other purchase orders (12134701, 703, 704, 705, 706, and 707) had been shipped, NB Global failed to pay twenty percent of the purchase price in advance of the delivery, as agreed. (*Id.* ¶ 39.) As a result, Pini did not ship the six purchase orders and incurred storage costs. (*Id.* ¶¶ 40–41.) Of the 252,776 pounds of bacon produced under these orders, Pini was only able to resell 45,345 pounds. (Decl. of Simone Pini ("Pini Decl.") ¶¶ 15–23, ECF No. 48-2.) Although the original price is $2.11 per pound, Pini resold these orders at $0.35 per pound. (*Id.*) In preparation for and in reliance on the December Order, Pini purchased "made-to-order packaging" for orders 12134708 through 12134720. (Compl. ¶ 44.)

### 3. The Sancocho Order

In the third group of orders (the "Sancocho Order"), NB Global requested by email an order for sancocho (fried pork rinds). (*Id.* ¶¶ 48–49.) Pini produced the sancocho, but before the order was shipped, Pini sought reasonable assurances from NB Global that the payment would occur in a timely fashion. (*Id.* ¶ 50.) Pini alleges that NB Global refused to provide such assurances. (*Id.* ¶ 51.) Because sancocho is perishable, Pini could not resell the product. (*Id.* ¶ 51; Mot. 3, ECF No. 48-1.) After each alleged breach, Pini claims it gave NB Global the opportunity to cure the breach, but NB Global failed to do so. (Compl. ¶¶ 22, 38, 42.)

### 4. The February Compromise

In February 2017, the parties came to a tentative compromise (the "February Compromise"), whereby Pini conditionally agreed to credit certain costs to NB

Global's outstanding balance and relabel certain products, so long as NB Global paid Pini $323,779.96. (*Id.* ¶¶ 54–56.) However, NB Global only paid Pini $150,000 and later informed Pini via email that it would not make the final payment on the February Compromise. (*Id.* ¶¶ 59–60.)

**B. Procedural Background**

On June 28, 2017, Pini initiated this breach of contract action against NB Global. On August 10, 2017, NB Global answered Pini's Complaint and filed a Counterclaim against Pini. (ECF Nos. 21, 22.) NB Global filed its First Amended Counterclaim on September 9, 2017. (ECF No. 28.) On September 22, 2017, Pini moved to dismiss NB Global's Counterclaim, and the Court granted its motion on October 31, 2017. (ECF Nos. 29, 39.) The Court also permitted NB Global leave to amend its counterclaim before November 21, 2017. (ECF No. 39.) NB Global has not submitted an amended counterclaim.

On November 3, 2017, the Court granted leave for the Law Offices of Thomas F. Nowland to withdraw as NB Global's attorney. (ECF No. 42.) Additionally, the Court ordered NB Global to retain new counsel by November 21, 2017, warning that NB Global's Answer to Pini's Complaint would be stricken if it failed to find new counsel. (*Id.*) NB Global failed to obtain new counsel by that deadline. (ECF No. 45.) Accordingly, on November 30, 2017, the Court struck NB Global's Answer and entered a default. (*Id.*)

### III. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural requirements for default judgment set forth in Federal Rules of Civil Procedure 54(c) and 55(a), as well as Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against whom default was entered; (2) identification of the pleading entering default; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that

the defaulting party was properly served with notice. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Federal Rule of Civil Procedure 55(b)(2) authorizes district courts discretion to grant default judgment after the Clerk enters default under Rule 55(a). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When moving for a default judgment, the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam); *see also* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

In exercising its discretion, the Court considers the *Eitel* factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

### A. Procedural Requirements

Pini has satisfied the procedural requirement for the entry of a default judgment against Defendants. The Clerk entered a default against Defendants on November 30, 2017. (ECF No. 46.) Pini's counsel has declared that: (1) Defendant is not an infant or incompetent person; (2) Defendant is not covered under the Servicemembers Civil Relief Act, and (3) Pini served Defendant with the Motion for Default judgment. (Decl. of William A. M. Burke ("Burke Decl.") 2, ECF No. 48-19; Proof of Service, ECF No. 48-20.) Pini has therefore complied with the Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1.

//

**B.** *Eitel* **Factors**

The Court weighs each of the following *Eitel* factors in turn.

### 1. Pini Would Suffer Prejudice

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Without a default judgment, Pini will have no other recourse for recovery. Therefore, this factor weighs in favor of default judgment.

### 2. Pini Brought Meritorious Claims and Pini's Complaint Was Sufficiently Pleaded

The second and third *Eitel* factors "require that a plaintiff 'state a claim on which [it] may recover.'" *PepsiCo*, 238 F. Supp. 2d at 1175; *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Pini asserts four claims against NB Global: (1) breach of contract (the November Order); (2) breach of contract (the December Order); (3) breach of contract (the Sancocho Order); and (4) declaratory relief (the February Compromise). (Compl. ¶¶ 14–62.) Each cause of action relates to NB Global's alleged failure to pay Pini for the pork it ordered.

#### a. Breach of Contract

To prevail on its breach of contract claims, Pini must prove (1) the existence of a contract, (2) performance by Pini, (3) breach by NB Global, and (4) damage to Pini as a result of NB Global's breach. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Pini's Complaint, even taken as true, does not adequately allege all four elements of a claim for breach of contract.

First, Pini alleges that it formed three contracts for various pork products with NB Global. Pini claims that NB Global issued and Pini accepted several purchase orders under the November Order and December Order, and that NB Global emailed a request that resulted in the Sancocho contract. (*Id.* ¶¶ 15, 33, 48.) However, the Court finds that none of Pini's "contracts" are sufficiently documented in the Complaint to establish their formation. For example, it is not clear what product was

at issue in many of the purchase orders. Many of the descriptions of the various purchase orders in the Complaint do not sufficiently allege the quantity. The allegations regarding the timing of each "contract" are also impermissibly vague.

Moreover, the Court is concerned that Pini claims there are multiple purchase orders in "one contract." (*See* Compl. ¶¶ 15, 33, 49, 54.) Although Pini alleges only three breach of contract claims, under the California Commercial Code, each purchase order—when accompanied with a subsequent invoice and acceptance—creates a separate contract. *See* Cal. Comm. Code §§ 2102, 2104(1); *Exp. Dev. Canada v. CMV Elec., Inc.*, No. EDCV1400174JAKSHX, 2014 WL 12665715, at *3–4 (C.D. Cal. Apr. 30, 2014). Therefore, there may be as many as nineteen breach of contract claims here, more than the three alleged by Pini. Pini does not allege sufficient facts—such as terms or agreements made outside the context of the various purchase orders—for the Court to determine that the contractual relationship should be construed any differently.

Second, Pini alleges that it substantially performed its obligations under each contract by producing, shipping, or preparing to ship various pork products to NB Global. (*Id.* ¶¶ 14–62.) Simply stating that Pini "substantially performed" its obligations is conclusory, and the Court need not consider such an allegation as true. *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2013 WL 5111861, at *4 (N.D. Cal. Sept. 12, 2013) ("[O]nly the well-pleaded *factual* allegations are taken as true, not the legal conclusions"); *see DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Therefore, the Court finds that Pini has failed to sufficiently allege its own performance of the various contracts under which it seeks relief.

Third, Pini alleges that NB Global failed to pay the full purchase price and wrongfully rejected several products under the November Order (*id.* ¶¶ 20–21, 26), failed to pay the full purchase price and the twenty percent deposit under the December Order (*id.* ¶¶ 36–39), and refused to give Pini reasonable assurance that it would fulfill its obligation under the Sancocho Order. (*Id.* ¶¶ 50–51.) Again,

however, the Complaint lacks the necessary factual allegations to support each of these purported breaches. For example, Pini has not sufficiently alleged the terms of each contract, detailed why NB Global "wrongfully rejected" certain products, or provided the Court with documentation of NB Global's refusal to provide assurances.

Fourth, Pini alleges total damages of $1,218,213.75 plus interest and costs that it incurred as a direct result of NB Global's failure to pay or wrongful rejection.[2] (Mot. 7.) For the reasons detailed below, the Court finds that Pini has not sufficiently pleaded a meritorious claim for breach of contract against NB Global due to several deficiencies in the evidence supporting Pini's Complaint. The Court will address each deficiency in turn.

First, Pini does not produce the original purchase orders for the majority of its claims. Pini only provides the Court with company-produced invoices for orders 12134800, 12134803–807, 12134809, and 12134701–707. (Mot., Exs. 1–16.) Thus, for most of Pini's claims the Court is left only with documentation of Pini's acceptance and no evidence of NB Global's original offer. Although Pini is not required to attach each purchase order to the Complaint, it must allege sufficient facts for the Court to determine the terms of each contract, which it has not done.

Second, there are inconsistencies between Pini's invoices and the purchase orders that are in the Court's record. In support of its motion to dismiss NB Global's counterclaim, Pini requested that the Court take judicial notice of nineteen purchase orders. (*See* ECF No. 29-2.) Of these purchase orders, two of them appear to be exact duplicates (*id.*, Exs. 2, 4), and the prices listed in these purchase orders do not reflect the prices in Pini's invoices. For example, according to the original purchase order, the offer price in order 12134803 is $45,000. (*Id.*, Ex. 5.) However, the invoice price from Pini lists the price as $90,247.97. (Mot., Ex. 2, ECF No. 48-4.) The

---

[2] Pini actually claims damages in the amount of $1,218,064.78. (Mot. 7.) However, the Court finds that this is likely a mathematical error on behalf of the plaintiffs. After reviewing the purchase orders and exhibits, Pini's alleged damages appear to total $1,218,213.75.

8

inconsistency in prices appears in every single invoice that Pini produced with a corresponding purchase order.

Third, there are substantial gaps in the dates on Pini's invoices. For example, in order 12134809, the date on NB Global's purchase order is November 6, 2016. (ECF No. 29-2, Ex. 11.) In contrast, the date on Pini's invoice is April 26, 2017, indicating the date it was issued. (Mot., Ex. 8, ECF No. 48-10.) The invoice date is several months later. Pini provides no explanation for this lapse between the date of the purchase order and its invoice.

Finally, Pini summarily alleges that NB Global repudiated several orders, but does not support these allegations with sufficient factual detail. For example, in regard to the "made-to-order packaging" for orders 12134808 through 12134814, it is unclear from either Pini's Complaint or its Motion for Default Judgment what the terms of these purchase orders are and how NB Global repudiated them. On one instance, Pini refers to a purported repudiation email but does not provide any evidence of the email or its contents. (Compl. ¶ 60.) On another, Pini alleged that NB Global repudiated the Sancocho Order, but Pini does not provide the related purchase order. (Mot., Exs. 15–16, ECF Nos. 48-17, 48-18.) Therefore, the Court cannot find that NB Global repudiated and breached each of these orders. *See ADP, Inc. v. Willits Motors Susanville, Inc.*, No. CIV.S-071256FCDJFM, 2007 WL 4556657, at *2 (E.D. Cal. Dec. 20, 2007) (denying default judgment in part because the plaintiff referred to a repudiation letter sent by the defendant but failed to provide documentation of it to the court).

Pini has now had several opportunities to substantiate its breach of contract claim and provide the Court with consistent documentation of its purported damages. The Court finds that the factual allegations in the Complaint and the evidence provided in the current Motion are insufficient to support Pini's breach of contract claims.

### b. Declaratory Relief

To prevail on its claim for declaratory judgment Pini must establish the failure of the condition precedent to Pini's obligations under the February Compromise. *See* Cal. Civ. Code § 1436. "In California, a condition precedent is 'one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed.'" *Golden State Foods Corp. v. Columbia/Okura LLC,* No. CV 13-8150 RSWL VBKX, 2014 WL 2931127, at *5 (C.D. Cal. June 26, 2014) (quotations omitted). A condition precedent "is either an act of a party that must be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises." *Platt Pac., Inc. v. Andelson*, 6 Cal. 4th 307, 313 (1993) (citing Cal. Civ. Code § 1436).

Here, Pini alleges that the February compromise was conditioned on NB Global's payment of $323,779.96. (Compl. ¶ 56.) "Conditions precedent are disfavored and will not be read into a contract unless required by plain, unambiguous language." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 n.7 (9th Cir.1990) (citing *In re Bubble Up Dela., Inc.*, 684 F.2d 1259, 1264 (9th Cir.1982)). The Court here has neither the evidence of the February Compromise's formation, nor the email exchanges documenting NB Global's alleged repudiation. The Court cannot confidently find that the purported condition precedent is supported with "plain, unambiguous language." *Id.* As such, the Court finds that Pini did not sufficiently plead a meritorious claim for declaratory judgment that the February compromise is void.

Because Pini has not alleged meritorious and well-pleaded claims, the second and third *Eitel* factors weigh against the entry of default judgment.

### 3. The Amount at Stake Does Not Overcome Other Factors in Favor of Default Judgment

The fourth *Eitel* factor balances the sum of money at stake with the "seriousness of the action." *Lehman Bros. Holdings Inc. v. Bayporte Enters., Inc.*, No. C 11–0961–

CW (MEJ), 2011 WL 6141079, at *7 (N.D. Cal. Oct. 7, 2011). The amount at stake must not be disproportionate to the harm alleged. *Id.* Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Pini seeks a total of $1,218,213.75 in liquidated and reliance damages, plus interest and cost. (Mot. 6–7.) The Court cannot find that the amount at stake is consistent with the terms of the contract because (1) Pini did not provide documentation of several purchase orders to the Court and, (2) even among those Pini did provide, the prices listed in the purchase orders are not consistent with the prices in Pini's invoices. *Cf. F B T, Inc. v. Aesa Logistics Corp.*, No. 1:12-CV-01734-AWI, 2013 WL 1178120, at *4 (E.D. Cal. Mar. 21, 2013) (finding that the damages sought were "consistent with the terms of the contracts" because the plaintiff "proffered copies of invoices and underlying shipping documents"). Although $1,218,213.75 is not inherently unreasonable, the Court finds that it is unreasonably large in this case because it is based on unreliable and inconsistent information. *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2013 WL 5111861, at *5 (N.D. Cal. Sept. 12, 2013). Thus, the amount at stake weighs against granting default judgment.

### 4. There is No Possibility of Dispute as to Material Facts

The next *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo*, 238 F. Supp. 2d at 1177. The general rule is that a defaulting party admits the facts alleged in the complaint to be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). As discussed, Pini has not adequately alleged the facts necessary to establish the claims in its Complaint. Therefore, "there remains a possibility of dispute concerning these [missing] material facts." *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM PLAX, 2013 WL 10155707, at *9 (C.D. Cal. May 14, 2013) (finding that this factor weighed against default judgment because the defendant could dispute the material facts missing from the complaint).

1   Although NB Global has not challenged the validity of Pini's allegations because its
2   Answer was stricken, the lack of purchase order evidence, the inconsistencies between
3   the amounts offered and the amounts due, the substantial gap in the dates on Pini's
4   invoices, and the lack of factual details regarding the terms of the various contracts,
5   evidence a possibility of a dispute as to material facts. Therefore, the Court finds that
6   this factor weighs heavily against the entry of default judgment.

### 5. NB Global's Default Was Not Due to Excusable Neglect

There is little possibility of excusable neglect and default judgment is favored when the defendant fails to respond after being properly served. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, Pini served NB Global with the Complaint on June 30, 2017, and served the present motion on January 5, 2018. There is nothing in the record to reflect excusable neglect on NB Global's part. Accordingly, the sixth *Eitel* factor favors entry of a default judgment.

### 6. Decision on the Merits

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where, as here, a defendant fails to effectively answer the plaintiff's complaint and participate in the litigation, "a decision on the merits [is] impractical, if not impossible." *See PepsiCo*, 238 F. Supp. 2d at 1177. Because NB Global failed to obtain new counsel by November 21, 2017 and their Answer was subsequently stricken, the Court finds that the seventh *Eitel* factor remains neutral. *See Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. Cal. v. Perez*, No. C-10-2002 JSW JCS, 2011 WL 6151506, at *9 (N.D. Cal. Nov. 7, 2011).

### 7. Weighing the *Eitel* Factors

The majority of the *Eitel* factors weigh against the entry of default judgment. Notably, the fact that factors two and three weigh heavily against the entry of default judgment is significant because courts often consider these the most important factors. *See Mnatsakanyan*, 2013 WL 10155707, at *10; *Fed. Nat. Mortg. Ass'n v. George*,

No. EDCV 14-01679-VAP, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors."). Therefore, the Court does not find that entry of default judgment is appropriate.

**C.    Damages**

Pini requests the Court award liquidated damages and reliance damages, plus interest and costs. (Mot. 6–7.) Pini has proffered a sworn declaration, which asserts that it has incurred $1,174,185.08[3] in liquidated damages, and $44,028.67 in reliance damages. (Mot. 6–7.) These subtotals bring Pini's total alleged damages to $1,218,213.75. However, because Pini is not entitled to default judgment on all four counts of the Complaint, the Court need not determine the proper amount of damages.

### V.    CONCLUSION

For the reasons stated above, the Court finds that Pini has not satisfied the requirements necessary for entry of default judgment. Therefore, the Court **DENIES** Pini's Motion for Default Judgment without prejudice. (ECF No. 48.) If Pini intends to request leave to amend its complaint or move again for entry of default judgment, it must do so no later than **April 13, 2018.**

**IT IS SO ORDERED.**

March 19, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[3] Pini actually alleges $1,174,036.11 in liquidated damages. (Mot. 7.) However, the Court finds that this is likely a mathematical error on behalf of the plaintiffs. After reviewing the purchase orders and exhibits, Pini's alleged damages appear to total $1,174,185.08.